IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRANT T. BOYER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRONTIER BANK, FSB, TUHAYE SALES AND MARKETING, L.L.C., TALISKER CLUB L.L.C., TUHAYE FINANCE L.L.C., COALITION TITLE AGENCY, TUHAYE HOME OWNERS ASSOCIATION,<br><br>    Defendants,<br><br><br>FRONTIER BANK, FSB,<br><br>    Counterclaimant,<br><br>    v.<br><br>BRANT T. BOYER,<br><br>    Counterclaim Defendant.<br><br><br>FRONTIER BANK, FSB,<br><br>    Cross-Claimant<br><br>    v.<br><br>TUHAYE FINANCE, L.L.C.,<br><br>    Cross-Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAR<br><br><br><br><br><br><br><br>Case No. 2:11-CV-204 TS |

This matter is before the Court on Plaintiff's Motion for Extension of Time to Appear or Appoint Counsel.[1] Defendant Coalition Title Agency ("Defendant Coalition") has filed a partial opposition to Plaintiff's Motion or Extension.[2] Defendants Tuhaye Sales and Marketing, LLC, Talisker Club LLC, Tuhaye Finance, LLC, and Tuhaye Home Owners Association (collectively referred to hereinafter as the "Tuhaye Defendants") oppose Plaintiff's Motion and request that the Court dismiss this case.[3] For the reasons discussed more fully below, the Court will grant in part and deny in part Plaintiff's Motion.

## I.  BACKGROUND

This case was originally filed in Utah state court on January 25, 2011, and was removed to this Court on February 25, 2011. Pursuant to his Amended Complaint, Plaintiff brings eleven causes of action against various defendants relative to the purchase of a vacant lot located in Tuhaye phase 3 North, in Heber City, Utah.

On March 7, 2012, counsel for Plaintiff filed a motion to withdraw indicating that continued representation would represent an unreasonable financial burden. According to Plaintiff's counsel, he had "financed this litigation up to this point and simply cannot continue to do so without suffering serious detriment."[4] The Court granted Plaintiff's Motion to Withdraw

---

[1] Docket No. 53.

[2] Docket No. 55.

[3] Docket No. 56.

[4] Docket No. 41, at 2.

as Attorney on March 21, 2012.  On the same day, Defendant Coalition filed its Motion for Summary Judgment.[5]

Pursuant to its Order granting Plaintiff's Motion to Withdraw as Attorney, the Court provided Plaintiff twenty-one days within which to file an entry of appearance.  The twenty-one day period allotted by the Court passed without new counsel appearing on Plaintiff's behalf or Plaintiff filing a notice of pro se appearance.  Thus, Defendant Coalition filed a motion to dismiss for failure to appear or appoint counsel on April 13, 2012.[6]

On April 24, 2012, Plaintiff sent a letter to the Court, which the Court construed as a Motion for Extension of Time to Appear or Appoint Counsel.[7]  In his Motion, Plaintiff requests that the Court grant him through the end of July 2012, to obtain new counsel.  As a basis for the extension, Plaintiff indicates that he has had some difficulties obtaining new counsel and is currently working out of state.

In its partial opposition to Plaintiff's Motion, Defendant Coalition indicates that it does not oppose a reasonable extension of time for Plaintiff to appear.  Defendant Coalition proposes an extended deadline of May 11, 2012, as a reasonable extension.  The Tuhaye Defendants oppose any extension of time and request that this Court dismiss Plaintiff's claims for failure to

---

[5]Docket No. 46.

[6]Docket No. 51.

[7]Docket No. 53.

appear or appoint counsel.[8] Plaintiff sent the Clerk of Court correspondence on May 11, 2012 indicating his intentions to proceed in this matter.

## II. DISCUSSION

Local Rule DUCivR 83-1.4(c)(1) provides: "Upon entry of an order granting a motion to withdraw, the action shall be stayed until twenty-one (21) days after entry of the order, unless otherwise ordered by the court." Rule 83-1.4(c)(5) instructs: "An unrepresented party who fails to appear within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."[9] However, the Tenth Circuit has instructed that

> [d]ismissal is a severe sanction; therefore, it should be imposed only if a lesser sanction would not serve the ends of justice. The district court should consider the following factors when considering whether dismissal is an appropriate sanction: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.[10]

The Tuhaye Defendants assert that they will be prejudiced if this case is not dismissed because the expert report and dispositive motions deadlines are quickly approaching. The

---

[8]*See* DUCivR 83-1.4(c)(5).

[9]*Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).

[10]*LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (internal quotations and citations omitted).

Tuyahe Defendants also note that they have actively defended themselves in this action and would be prejudiced by a perpetual stay. Plaintiff, however, does not seek a perpetual stay. Rather, Plaintiff seeks, at most, a three-month stay. Were the Court to grant Plaintiff the relief he seeks and stay this action three months, such action would not result in a level of prejudice to merit dismissal of Plaintiff's case. Any prejudice to the Defendants can be lessened through an amendment to the scheduling order.

Plaintiff's failure to appoint counsel or otherwise appear within the twenty-one days prescribed by the Court has caused interference with the judicial process. The Court is not convinced that this interference justifies dismissal of this action. It is clear that Plaintiff is culpable for any delay or prejudice resulting from his failure to appear. In his Motion for Extension of Time, Plaintiff indicates that he received the notice that his attorney had withdrawn from his case. Thus, it is Plaintiff's own failure to diligently obtain counsel or enter a notice of appearance pro se that gives rise to the current controversy.

Nonetheless, Plaintiff was not warned in advance that dismissal was a likely sanction for failure to appear or appoint counsel and a lesser sanction may be effective in ensuring Plaintiff's future compliance with this Court's Orders. On balance of these factors, the Court finds that dismissal of Plaintiff's case is not warranted as a sanction for Plaintiff's failure to obtain counsel of otherwise appear. The Court will therefore grant Plaintiff's Motion to the extent not opposed by Defendant Coalition.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Extension of Time to Appear or Appoint Counsel (Docket No. 53) is GRANTED IN PART AND DENIED IN PART. The Court will extend Plaintiff's deadline to appoint counsel or otherwise appear until May 11, 2012. The Court will also construe Plaintiff's correspondence of May 11, 2012 as notice of intention to appear and proceed pro se. Plaintiff shall have twenty-eight (28) days from the entry of this Order to file an opposition to Defendant Coalition's Motion for Summary Judgment. Should Plaintiff obtain counsel, Plaintiff's counsel shall have ten (10) days within which to file a notice of appearance with the Court. Plaintiff is also hereby warned that failure to abide by these deadlines, or to otherwise fail to diligently prosecute or defend this case may result in sanctions, including terminating sanctions.

DATED   May 17, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge